IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL WATTS | § | |
| (TDCJ No. 2012144), | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:17-cv-2840-C-BN |
| | § | |
| LORIE DAVIS, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Michael Watts, a Texas inmate, has filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. Nos. 1 & 2. Watts also has filed a motion for new trial. *See* Dkt. No. 22. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior U.S. District Judge Sam R. Cummings. The undersigned enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should dismiss the petition as barred by the applicable statute of limitations.

**Applicable Background**

Watts was convicted, in three separate cases, of sexual abuse of a child continuous: victim under 14 in state court in Kaufman County, within the Dallas Division of this district, and he was sentenced to 30 years' imprisonment as to each

conviction. *See State v. Watts*, Case Nos. 32386-422, 32387-422, & 32388-422 (422nd Jud. Dist. Ct., Kaufman Cty., Tex. July 14, 2015) [Dkt. No. 16-1 at 3-9].

Although each conviction was in a plea-bargain case in which Watts waived his right to appeal, *see* Dkt. No. 16-1 at 10-13, he nevertheless filed *pro se* notices of appeal, and the Dallas Court of Appeals dismissed his appeals for want of jurisdiction. *See Watts v. State*, Nos. 05-15-01334-CR, 05-15-01335-CR, & 05-15-01336-CR, 2015 WL 9412838 (Tex. App. – Dallas Dec. 22, 2015, no pet.) ("[A]ppellant pleaded guilty and was sentenced in accordance with plea bargain agreements. Appellant waived his right to appeal as part of the agreements, and the trial court certified appellant has no right to appeal the convictions. Therefore, we have no jurisdiction over the appeals." (citations omitted)).

Watts also pursued state habeas relief through petitions filed no sooner than July 13, 2016, the date he signed each, *see* Dkt. No. 16-1 at 14-17, and the Texas Court of Criminal Appeals (the "CCA") denied two of the petitions without written order on October 19, 2016 and the third without written order on November 9, 2016, *see Ex parte Watts*, Nos. WR-85,666-01, -02, & -03 (Tex. Crim. App.) [Dkt. No. 16-1 at 18-21].

Watts filed his federal habeas action in this Court no sooner than October 6, 2017, the date on which he signed the Section 2254 petition. *See* Dkt. No. 1 at 10.

### Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF

-2-

1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ____, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

The Supreme Court of the United States has reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original); *see, e.g., Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

The Supreme Court also has determined that the AEDPA's statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298,

-4-

316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

## Analysis

A conviction becomes final under the AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013). Respondent argues that finality occurred here on the date that Watts was sentenced – given that he expressly waived his right to appeal each conviction. *See* Dkt. No. 16 at 4 (collecting cases, including *Rodriguez v. Thaler*, 664 F.3d 952 (5th Cir. 2011)). But other judges of this Court have rejected that position – "the United States Supreme Court has not considered the question, and Respondent acknowledges that the Fifth Circuit expressly denied reaching this question in *Rodriguez*, 664 F.3d 952 at 593. Further, under these circumstances, this Court has held the limitations period starts after expiration of the statutory appeal time." *Schomburg v. Stephens*, No. 4:14-cv-159-

O, 2015 WL 5089546, at *2 n.3 (N.D. Tex. Aug. 28, 2015) (citations modified or omitted). And the Court need not accept Respondent's position to find that Watts's federal habeas application is time-barred.

If finality is measured from the date that Watts's direct appeals were dismissed, his convictions became final for federal limitations purposes "upon the expiration of the time for seeking further review through the filing of a [petition for discretionary review, or] PDR," *Phillips v. Quarterman*, No. 3:09-cv-1131-B, 2009 WL 1974302, at *2 (N.D. Tex. July 7, 2009) (citing *Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003)), which was 30 days after the Dallas Court of Appeals's judgment – or on January 21, 2016, *see Flores v. Quarterman*, 467 F.3d 484, 485-86 (5th Cir. 2006); *Roberts*, 319 F.3d at 694; TEX. R. APP. P. 68.2.

Accepting that date, Watts's three state habeas petitions, filed no sooner than July 13, 2016 – the date on which they were signed – were properly filed prior to the expiration of the one-year limitations period. That period was therefore tolled during their pendency – from July 13, 2016 to November 9, 2016, when the last petition was denied by the CCA. Adding this 120-day period to the date the Section 2254 application was due absent tolling under Section 2244(d)(2) (January 21, 2017) results in a due date of Monday, May 22, 2017. *See* FED. R. CIV. P. 6(a)(1)(C).

Accordingly, unless equitable tolling or actual innocence applies, Watts's federal habeas petition was filed more than 130 days too late.

But Watts has not demonstrated that he is entitled to equitable tolling by showing that "rare, exceptional, or extraordinary circumstances beyond his control ...

made it impossible for him to timely file" his federal habeas application. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted); *see also Menominee Indian Tribe*, 136 S. Ct. a 755-56; *Holland*, 560 U.S. at 649; *Farmer*, 640 F. App'x at 307.

Watts's professed ignorance of the law regarding his state-appellate rights is not a ground for equitable tolling – "neither [ ] *pro se* status nor [ ] unfamiliarity with the law suffices as a basis for equitable tolling," *Madden v. Thaler*, 521 F. App'x 316, 323 (5th Cir. 2013) (per curiam) (citing *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999)); *see also Gutierrez v. Cockrell*, 45 F. App'x 321, 2002 WL 1860554, at *1 (5th Cir. June 19, 2002) (per curiam) ("Ignorance of the law and *pro se* status do not constitute 'rare and exceptional' circumstances warranting equitable tolling." (quoting *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000))).

Nor has Watts established actual – factual – innocence by coming forward with new and reliable evidence "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316.

For these reasons, the Section 2254 application is time-barred. And there is no need to address Watts's motion for a new trial.

## Recommendation

The Court should dismiss Petitioner Michael Watts's 28 U.S.C. § 2254 habeas petition as barred by the applicable statute of limitations.

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 2, 2018

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE