IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MICHAEL WATTS,                )
                              )
         Petitioner,          )
                              )
v.                            )
                              )
LORIE DAVIS, *Director, TDCJ-CID*, )
                              )
         Respondent.          )    Civil Action No. 3:17-CV-2840-C-BN

## ORDER

Before the Court are the Findings, Conclusions, and Recommendation of the United States Magistrate Judge advising that Petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2254 be dismissed as barred by the statute of limitations. Petitioner timely filed written objections.

Petitioner objects that "rare circumstances" prevented him from accessing the law library during the year of 2017 and he should therefore be entitled to equitable tolling. Petitioner further objects that he is entitled to a finding of actual innocence due to a defect in his indictment because "Kaufman County has no jurisdiction over Mesquite."[1] These are not "specific written objections" to the findings and conclusions of the Magistrate Judge, but are rather attempts to re-urge Petitioner's arguments to the undersigned for *de novo* consideration. Nevertheless, the Court finds the objections unpersuasive even when considered on their merits. The Court, having considered each of the objections, is of the opinion that they should be **OVERRULED**.

---

[1] Petitioner was convicted in Kaufman County, Texas for a crime committed in the City of Mesquite, Texas. The Court takes judicial notice that Mesquite sits partially in Dallas County and partially in Kaufman County.

The Court has reviewed the Findings, Conclusions, and Recommendation and finds no error. The Court having overruled Petitioner's objections, it is therefore **ORDERED** that the Findings, Conclusions, and Recommendation are hereby **ADOPTED** as the findings and conclusions of the Court. For the reasons stated therein, the above-styled and -numbered petition under 28 U.S.C. § 2254 is **DISMISSED** as barred by the applicable statute of limitations.

Petitioner's Motion for New Trial, filed February 1, 2018, Petitioner's request for Court-ordered discovery (included with his Objections, filed February 16, 2018), and Petitioner's Motion to Withdraw Plea, filed February 16, 2018, are all **DENIED**.[2]

All relief not expressly granted by this Order is **DENIED**. Pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), this Court finds that a certificate of appealability should be denied. Petitioner has failed to show that a reasonable jurist would find (1) this Court's "assessment of the constitutional claims debatable or wrong," or (2) "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

SO ORDERED this ___ day of March, 2018.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

---

[2]To the extent Petitioner intends his "Motion to Withdraw Plea" to serve as a motion under 28 U.S.C. § 2255, that statute is inapplicable because Petitioner is not attempting to vacate, set aside, or correct a *federal* sentence.